[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13192

Non-Argument Calendar

_____

JOSEPH C. MAJDALANI,

Plaintiff-Appellee,

*versus*

WILLIAM C. HARDGRAVE, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:18-cv-00894-JTA

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiff-Appellee, Joseph Majdalani, a tenured professor at Auburn University, filed a complaint against several Auburn administrators alleging, in relevant part, various First Amendment claims. In their motion to dismiss Majdalani's claims, Defendants-Appellants asserted that they were entitled to qualified immunity. The district court concluded that because Defendants-Appellants were not acting within the scope of their discretionary authority, they are not entitled to qualified immunity.

Defendants-Appellants, all Auburn University administrators at the relevant time,[1] ask us to reverse the magistrate judge's denial of their motion to dismiss on grounds that they are entitled to qualified immunity.[2] After careful review of the parties' arguments, we vacate the district court's denial of qualified immunity and remand.[3]

---

[1] Defendants-Appellants are William C. Hardgrave, former Provost for Academic Affairs; Timothy Boosinger, former Provost of Auburn; John E. Winn, tenured professor and former Associate Provost for Faulty Affairs; Christopher Roberts, President of Auburn and former Dean of the College of Engineering; and Brian Thurow, Chair of Aerospace Engineering.

[2] The magistrate judge was presiding with the parties' consent.

[3] We review de novo the denial of an immunity defense. *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). While a district court's denial of a motion to dismiss is not ordinarily a final decision, the denial of qualified immunity at the motion to dismiss stage is a final decision as the defense entitles the holder

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (internal quotation marks omitted). In order to invoke the defense of qualified immunity, a government official must have been acting within the scope of his discretionary authority at the time the allegedly wrongful conduct occurred. *Grider v. City of Auburn*, 618 F.3d 1240, 1254 n.19 (11th Cir. 2010). If the official establishes that he was acting within the scope of his discretionary authority, "the burden shifts to the plaintiff to show that the official's conduct (1) violated federal law (2) that was clearly established at the relevant time." *Spencer v. Benison*, 5 F.4th 1222, 1230 (11th Cir. 2021).

For a defendant to prove that he was acting within the scope of his discretionary authority, he must show that his challenged actions were "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). When conducting this analysis, a court must "strip out the allegedly illegal conduct." *Spencer*, 5 F.4th at 1231. In other words, "[t]he inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act" because if "[f]ramed that way, the inquiry is no more than an 'untenable' tautology." *Harbert Int'l*, 157 F.3d at 1282;

---

to immunity from not just liability, but from the lawsuit. *Id.*; *Patel v. City of Madison*, 959 F.3d 1330, 1336 (11th Cir. 2020).

*see also Carruth v. Bentley*, 942 F.3d 1047, 1055 (11th Cir. 2019) ("A plaintiff cannot plead around qualified immunity simply by saying that the official was animated by an unlawful purpose. The exception would swallow the rule.").

Here, the magistrate judge failed to "strip out" the allegedly illegal conduct. The judge found that "discrimination, harassment, mockery, invasion of privacy, and defamation" were not within the scope of the Defendants-Appellants official duties. The judge should have, however, "look[ed] to the general nature of [Defendants-Appellants] action[s]," and evaluated the actions at "the minimum level of generality necessary to remove the constitutional taint." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004).

Accordingly, we vacate the district court's denial of qualified immunity and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**